**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **SHIRE PHARMACEUTICAL DEVELOPMENT INC., et al.,**<br><br>  Plaintiffs,<br><br>  v.<br><br>**AMNEAL PHARMACEUTICALS LLC, et al.,**<br><br>  Defendants. | **Civil No. 15-2865 (RBK/JS)** |

**O R D E R**

This matter is before the Court on the "Motion to Seal" ("Motion") [Doc. No. 232] filed by defendants Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals of New York, LLC, Amneal Pharmaceuticals Co. (I) Pvt. Ltd., and Amneal Life Sciences Pvt. Ltd. (collectively, "defendants"). Plaintiffs Shire Pharmaceutical Development Inc., Shire Development LLC, Cosmo Technologies Limited, and Nogra Pharma Limited (collectively, "plaintiffs") do not oppose defendants' motion.[1] The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the following reasons, defendants' motion is GRANTED.

---

[1] While the motion is unopposed, plaintiffs propose a slightly narrower redaction only on page 8 of the transcript. However, for the reasons set forth below, defendants' motion is granted in its entirety. See Ex. B to Miller Declaration [Doc. No. 232-3].

Defendants' motion is supported by the "Declaration of Gregory D. Miller" [Doc. No. 232-1] and exhibits [Doc. No. 232-2 through 232-7]. Defendants seek to redact and seal limited portions of the transcript of the status conference before the Court, dated April 4, 2017. [Doc. No. 224].

Defendants aver that the transcript contains "sensitive proprietary business information about proprietary, confidential product formulations and other sensitive information." Mot. Ex. B. at page 1. According to defendants, public disclosure of such information would "reveal the confidential details of [defendants'] proprietary product formulations and make this information available to competitors." Id. Defendants further assert there is no less restrictive alternative because they are seeking redaction of only the information that will reveal "confidential and business interests." Id.

It is well-established that there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

The applicable requirements to seal documents are set forth in L. Civ. R. 5.3(c), which requires that a motion to seal describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3).

The Court has reviewed the subject materials in detail to decide this motion and finds that defendants have sufficiently described the nature of the materials they seek to redact and seal.[2] The subject materials generally refer to confidential information about defendants' ANDA product formulation and development. The Court agrees there exists a legitimate private interest in keeping the subject materials under seal. The Court further finds that if the subject materials are made public, defendants could be harmed by way of competitive disadvantage in the pharmaceutical marketplace. Likewise, the Court finds there is no less restrictive alternative than to redact the limited portions of the transcript defendants seek to redact. The Court further finds that defendants' motion is properly supported by a Declaration executed pursuant to L. Civ. R. 5.3(c).

Accordingly, for the foregoing reasons,

---

[2] The specific page and line designations of the transcript defendants seek to redact are listed in the Miller Declaration and Index [Doc. Nos. 232-1, 232-3] filed in support of the present motion.

IT IS HEREBY ORDERED this 22nd day of November, 2017, that defendants' "Motion to Seal" [Doc. No. 232] is GRANTED; and it is further

ORDERED the Clerk of the Court is directed to maintain under seal the transcript of the status conference before the Court, dated April 4, 2017. [Doc. No. 224]; and it is further

ORDERED that to the extent not already done, defendants shall file a redacted copy of Doc. No. 224 in accordance with this Order by December 6, 2017.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge
