[Doc. No. 309]

**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| SHIRE PHARMACEUTICAL DEVELOPMENT INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> AMNEAL PHARMACEUTICALS LLC, et al., <br><br> Defendants. | Civil No. 15-2865 (RBK/JS) |

**O R D E R**

This matter is before the Court on the "Joint Motion to Seal" ("motion") [Doc. No. 309] filed by defendants Amneal Pharmaceuticals LLC, Amneal Pharmaceuticals of New York, LLC, Amneal Pharmaceuticals Co. (I) Pvt. Ltd., and Amneal Life Sciences Pvt. Ltd. (collectively, "defendants"), and plaintiffs Shire Pharmaceutical Development Inc., Shire Development LLC, Cosmo Technologies Limited, and Nogra Pharma Limited (collectively, "plaintiffs"). The Court exercises its discretion to decide the motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the following reasons, the motion is GRANTED.

The motion is supported by the "Declaration of Gregory D. Miller" [Doc. No. 309-1] and exhibits [Doc. Nos. 309-2 through 309-6]. The parties seek to redact and seal certain portions of

1

the transcript from the October 16, 2017 telephone status conference [Doc. No. 301].

Defendants aver that the transcript contains "sensitive proprietary business information about proprietary, confidential product formulations and other sensitive information." Mot. Ex. B. at 1. According to defendants, public disclosure of such information would "reveal the confidential details of [defendants'] proprietary product formulations and make this information available to competitors." Id. Defendants further assert there is no less restrictive alternative because they are seeking redaction of only the information that will reveal "confidential and business interests." Id.

It is well-established there is "a common law public right of access to judicial proceedings and records." In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). When a party files a motion to seal it must demonstrate that "good cause" exists for protection of the material at issue. Securimetrics, Inc. v. Iridian Techs., Inc., C.A. No. 03-4394 (RBK), 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause exists when a party makes "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the party seeking closure.'" Id. (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).

The applicable requirements to seal documents are set forth in L. Civ. R. 5.3(c), which requires that a motion to seal describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available. L. Civ. R. 5.3(c)(3).

The Court has reviewed the subject transcript in detail to decide this motion and finds that defendants have sufficiently described the nature of the material they seek to redact and seal.[1] The subject transcript generally refers to defendants' confidential information about development of defendants' ANDA product formulation. The Court agrees there exists a legitimate private interest in keeping the cited portions of the subject transcript under seal. The Court further finds that if the subject information is made public, defendants could be harmed by way of competitive disadvantage in the pharmaceutical marketplace. Likewise, the Court finds there is no less restrictive alternative than to redact certain limited portions of the subject transcript.

---

[1] The specific page and line designations of the transcript defendants seek to redact are listed in the Miller Declaration and Index [Doc. Nos. 309-1 (¶ 6), 309-3] filed in support of the present motion.

The Court further finds the motion is properly supported by a Declaration executed pursuant to L. Civ. R. 5.3(c).

Accordingly, for the foregoing reasons,

IT IS HEREBY ORDERED this 15th day of May, 2018, that the "Joint Motion to Seal" [Doc. No. 309] is GRANTED; and it is further

ORDERED the Clerk of the Court is directed to maintain under seal the transcript from the October 16, 2017 status conference [Doc. No. 301]; and it is further

ORDERED that to the extent not already done, defendants shall file a redacted copy of Doc. No. 301 in accordance with this Order by May 29, 2018.

/s/ Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge
